**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. 2:24-CV-06503-GJP |
| | UNITED STATES DISTRICT JUDGE GAIL A. WEILHEIMER |
| Plaintiff, | |
| v. | |
| POSIGEN DEVELOPER, LLC d/b/a POSIGEN SOLAR, | |
| Defendant. | |

**DEFENDANT'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND JURY TRIAL REQUEST**

Defendant PosiGen Developer, LLC ("Defendant") submits its Answer, Affirmative Defenses, and Jury Trial Request in response to Plaintiff Leon Weingrad's ("Plaintiff") Class Action Complaint (ECF # 1) ("Complaint") as follows:

1.    Defendant states that Paragraph 1 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, leaves Plaintiff to his proof.

2.    Defendant states that Paragraph 2 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, leaves Plaintiff to his proof.

3.      Defendant states that Paragraph 3 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant denies the allegations in this paragraph of the Complaint.

## PARTIES

4.      Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this Paragraph 4 of the Complaint and, therefore, leaves Plaintiff to his proof.

5.      Defendant denies that it is a corporation incorporated in Delaware as alleged in Paragraph 5 of the Complaint.  Defendant admits the remaining allegations of Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Defendant states that this Paragraph 6 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, leaves Plaintiff to his proof.

7.      Defendant states that this Paragraph 7 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, denies same and leaves Plaintiff to his proof.  Further answering, Defendant denies wrongdoing and liability.

8.     Defendant states that this Paragraph 8 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, denies same and leaves Plaintiff to his proof.

## BACKGROUND

9.     Defendant states that Paragraph 9 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this Paragraph of the Complaint and, therefore, leaves Plaintiff to his proof.

10.     Defendant states that Paragraph 10 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, leaves Plaintiff to his proof.

11.     Defendant states that Paragraph 11 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, leaves Plaintiff to his proof.

12.     Defendant states that Paragraph 12 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the

extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, leaves Plaintiff to his proof.

## **FACTUAL ALLEGATIONS**

13.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, leaves Plaintiff to his proof.

14.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, leaves Plaintiff to his proof.

15.     Defendant states that Paragraph 15 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, leaves Plaintiff to his proof.

16.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, leaves Plaintiff to his proof.

17.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, leaves Plaintiff to his proof.

18.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, leaves Plaintiff to his proof.

19.     Defendant states that Paragraph 19 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, leaves Plaintiff to his proof

20.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, leaves Plaintiff to his proof.

21.     Paragraph 21 is denied to the extent that Plaintiff sought to purchase or lease solar panels from Defendant.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, leaves Plaintiff to his proof.

26.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, leaves Plaintiff to his proof.

27.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, leaves Plaintiff to his proof.

28.     Denied.

29.     It is unclear which number is referenced in the paragraph and Defendant cannot admit or deny the allegations in Paragraph 29 of the Complaint.  To the extent a further response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, leaves Plaintiff to his proof.

30.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, leaves Plaintiff to his proof.

31.     Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, leaves Plaintiff to his proof.

32.     Defendant lacks sufficient knolwedge or information upon which to form a belief as to the truth of the allegations in Paragraph 32 of the Complainta and, therefore, leaves Plaintiff to his proof.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

## CLASS ACTION ALLEGATIONS

38.    Defendant incorporates by reference its responses to all other paragraphs of this Answer as if fully stated herein.

39.    As to the allegations contained in Paragraph 39 of the Complaint, Defendant states that they are a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, leaves Plaintiff to his proof.  Further answering, Plaintiff purportedly seeks to represent a class of supposedly similarly situated individuals, but denies that class treatment is appropriate and denies that any class will or could be certified.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

## COUNT I
### Violations of the TCPA 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

46.    Defendant incorporates by reference its responses to all other paragraphs of this Answer as if fully stated herein.

47.    Defendant states that Paragraph 47 of the Complaint does not state any allegations against Defendant and is a legal conclusion, and therefore no response is required, and to the extent a response is required, Defendant lacks sufficient knowledge or information upon which

to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, denies same and leaves Plaintiff to his proof.

    48.    Denied.

    49.    Denied.

    50.    Denied.

    51.    Denied.

## PRAYER FOR RELIEF

Defendant denies all wrongdoing and liability, denies that this lawsuit is appropriate for class certification, and thus denies that Plaintiff is entitled to any relief, including the relief sought in his Complaint.

## AFFIRMATIVE DEFENSES

By alleging the defenses herein, Defendant intends no alteration of any burden of proof that otherwise exists with regard to the claims in the Complaint. All defenses are pled in the alternative and do not constitute an admission either of liability or as to whether Plaintiff is entitled to any relief, which is denied. Defendant reserves the right to amend, modify, and/or supplement these Affirmative Defenses.

## First Affirmative Defense

Plaintiff and/or putative class members lack standing to assert the claim asserted in the Complaint because Plaintiff has not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether Plaintiff and/or the putative class members seek only statutory damages. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It would appear self-evident that the recipient of a cell phone call would first be required to demonstrate cognizable injury; that is, that he was both (1) charged, and (2) paid, for the call. *See* 47 U.S.C. §227(b)(1)(A)(iii).

**Second Affirmative Defense**

Defendant has established and implemented, with due care, reasonable practices, training, and procedures to effectively prevent telephone solicitations and/or calls in violation of the TCPA and/or in violation of the regulations prescribed under the TCPA.

**Third Affirmative Defense**

Plaintiff's and/or putative class members' claims are barred in or in whole by the applicable statutes of limitations.

**Fourth Affirmative Defense**

Plaintiff's and/or putative class members' claims are barred by the doctrine of unclean hands and are estopped from claiming any damages, or have otherwise waived any such claims or damages, to the extent Plaintiff and/or putative class members have attempted to induce Defendant to violate the TCPA by specifically requesting that Defendant contact Plaintiff and/or putative class members, and therefore assisted, directed, ordered, approved and/or ratified Defendant's conduct by specifically requesting that Defendant contact Plaintiff and/or putative class members and Defendant relied on Plaintiff's and/or putative class members' actions to its detriment.

**Fifth Affirmative Defense**

Plaintiff's and putative class members' claims are barred, in whole or in part, because at all times Plaintiff and/or putative class members provided, invited or gave express or implied consent, invitation, or permission to Defendant's conduct as described in the Complaint. The Complaint and each cause of action contained therein are barred as a matter of law.

**Sixth Affirmative Defense**

Plaintiff and/or putative class members, by their own actions and conduct, have failed to exercise reasonable care and diligence on their own behalf, thereby causing or contributing to their

alleged injury and damages, if any.  Plaintiff's and/or putative class members' recovery therefore must be reduced or eliminated altogether by the proportion of damages caused by their own acts and conduct.

### Seventh Affirmative Defense

Plaintiff and/or the putative class members have failed to name all necessary and indispensable parties to this action.

### Eighth Affirmative Defense

No act or omission of Defendant was a substantial factor in bringing about the damages alleged, nor was any act or omission of Defendant a contributing cause thereof.  Any alleged acts or omissions of Defendant were superseded by the acts or omissions of others, including Plaintiff and/or the putative class members, or other third parties named or not named as in the Complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by Plaintiff and/or putative class members.  Plaintiff's and/or putative class members' claims are barred, in whole or in part, because Plaintiff's and/or putative class members' injuries, if any, were caused and/or contributed to, in whole or in part, by the actions of parties other than Defendant or for whom Defendant has no control and/or who may have called Plaintiff and/or putative class members identifying Defendant's services, goods or products without Defendant's consent or knowledge.

### Ninth Affirmative Defense

Rights and causes of action arising under the TCPA are not assignable.  Any proposed or putative assignment of such rights and causes of action to Plaintiff and/or putative class members are therefore invalid, and Plaintiff and/or putative class members lack standing to sue or recover thereon.

**Tenth Affirmative Defense**

Violations of the technical requirements of the TCPA are not enforceable by private litigants, and Plaintiff and/or putative class members lack standing to sue or recover based thereon.

**Eleventh Affirmative Defense**

Where, as here, the parties had an "established business relationship," the TCPA's prohibitions do not apply, and Defendant's action cannot – as a matter of law – violate the TCPA. 47 C.F.R. § 64.1200(a)(2)(iv).

**Twelfth Affirmative Defense**

Plaintiff's and/or putative class members' claims against Defendant are barred, in whole or in part, by the TCPA's "safe harbor provision," as provided for by 47 C.F.R. § 64.1200(c)(2).

**Thirteenth Affirmative Defense**

Plaintiff and putative class members cannot hold Defendant liable for alleged violations of the TCPA for the alleged conduct of a third party, as Defendant is not vicariously liable for such conduct. Any damage, loss, or liability sustained by Plaintiff and/or putative class members must be reduced, diminished, and/or barred in proportion to the wrongful conduct or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative/contributory fault.

**Fourteenth Affirmative Defense**

To the extent Defendant violated the law – which it denies – any such violations were neither intentional nor willful, and were due to bona fide errors despite procedures and/or policies designed to prevent such errors.

### Fifteenth Affirmative Defense

Plaintiff and/or putative class members lacks standing to bring a claim on behalf of any putative class members outside the specific calling campaign that he claims to be a part of, and lacks standing to bring a claim on behalf of any putative class members outside the Commonwealth of Pennsylvania.

### Sixteenth Affirmative Defense

Plaintiff's and putative class members' claims are barred to the extent Plaintiff and/or putative class members were not charged for the call(s) at issue pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

### Seventeenth Affirmative Defense

The claims asserted in the Complaint are barred because Defendant has established and implemented, with due care, reasonable practices, policies and/or procedures designed to prevent violations of the TCPA.

### Eighteenth Affirmative Defense

To the extent the TCPA is applied against Defendant in this case to impose liability that would be grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution, the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Eighth Amendment to the United States Constitution, which prohibits excessive fines.

**Nineteenth Affirmative Defense**

Plaintiff's and putative class members' claims are barred to the extent they are subject to any agreement prohibiting such claims, including agreements containing a class action waiver or otherwise requiring arbitration of the claims.

**Twentieth Affirmative Defense**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Twenty-First Affirmative Defense**

Plaintiff's and/or putative class members' claims are barred, in whole or in part, by the doctrine of *de minimis* harm because the actual harm allegedly suffered by Plaintiff and/or putative class members is negligible.

**Twenty-Second Affirmative Defense**

Plaintiff's and/or putative class members' claims are barred, in whole or in part, because the TCPA violates the First Amendment to the U.S. Constitution, on its face and as applied, as an overly broad prohibition on free speech.

**Twenty-Third Affirmative Defense**

Plaintiff and/or the putative class members cannot carry their burden of showing that any action of Defendant was willful or knowing.  Moreover, Plaintiff and/or putative class members are not entitled to treble damages because Defendant did not act willfully or knowingly.

**Twenty-Fourth Affirmative Defense**

The Complaint, and each claim asserted therein, is barred, in whole or in part, because Plaintiff and/or putative class members are not within the "zone of interests" of persons and entities that the TCPA was created to affect.

**Twenty-Fifth Affirmative Defense**

At all times relevant to the matters alleged in the Complaint, Defendant acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or any other alleged wrong done to Plaintiff and/or putative class members. The acts and conduct of Defendant were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendant. Defendant acted with a good faith cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's and/or putative class members' rights. Consequently, Plaintiff and putative class members are not entitled to any damages whatsoever.

**Twenty-Sixth Affirmative Defense**

Defendant denies that class treatment is warranted and/or satisfied Fed. R. Civ. P. 23, and further incorporates each of the foregoing Affirmative Defenses to any other putative class members, which would require a burdensome and time consuming, individualized inquiry for each such plaintiff.

**Reservation of Rights to Allege Other Affirmative Defenses**

Defendant is entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute governing the claims asserted in this action. Moreover, certain additional defenses to the Complaint and to the asserted claims for relief stated therein may be available to Defendant. These additional defenses may require discovery before than be properly alleged. Defendant intends to rely on any other defenses that may become available or apparent during the course of discovery or its investigation of Plaintiff's and/or putative class members' claims and thus reserves its right to amend its Answer and Affirmative Defenses to include such defenses to Plaintiff's and/or putative class members' claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.  That Plaintiff take nothing by virtue of his Complaint;

2.  That Plaintiff's Complaint be dismissed with prejudice;

3.  That judgment be entered in favor of Defendant;

4.  For costs and disbursements incurred herein, including attorneys' fees and costs; and

5.  For such other relief as the Court may deem appropriate.

## **REQUEST FOR JURY TRIAL**

Defendant demands a jury trial on all issues so triable.

Dated: January 29, 2025            By:    /s/ *Jessica G. Lucas*
                                          Jessica G. Lucas
                                          PA ID No. 311280
                                          Gordon Rees Scully Mansukhani LLP
                                          707 Grant Street, Suite 3800
                                          Pittsburgh, PA 15219
                                          jlucas@grsm.com
                                          412-316-2906
                                          *Counsel for Defendant*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Answer to Complaint has been served on this 29th day of January, 2025 upon all counsel and parties of record via the Court's Electronic Filing System.


By: *<u>/s/ Jessica G. Lucas</u>*
       Jessica G. Lucas